IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES DANIEL KOZOHORSKY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.4:19-CV-116-Y |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is an Amended Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner James Daniel Kozohorsky.(Am. Pet.(doc. 9).) Respondent Eric Wilson filed a response with an appendix.(Resp.(doc. 15); App. (doc. 16)at 1-27).) After considering the pleadings and relief sought by Kozohorsky and the applicable law, the Court concludes that the § 2241 petition must be **DENIED.**

### I. BACKGROUND

Petitioner Kozohorsky was convicted in the United States District Court for the Eastern District of Missouri in cause number 1:11-CR-017-SNLJ of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a).(App.(doc. 16) at 16-17.) He filed a direct appeal but his conviction and sentence were affirmed. *United States v. Kozohorsky*, 708 F.3d 1028(8th Cir. 2013). He also sought a petition for *certiorari,* which was denied by the Supreme

Court. *Kozohorsky v. United States*, 571 U.S. 1168 (2014). He later filed a motion under 28 U.S.C. § 2255, but that § 2255 motion was denied by the convicting court. *Kozohorsky v. United States*, No.1:14-CV-046-SLJ, 2014 WL 4681315 (E.D. Mo. Sep. 19, 2014). In this § 2241 petition, Kozohorsky does not challenge his conviction, but instead, he seeks credit towards his federal sentence.

As background to his 2011 federal conviction for failure to register as a sex offender, the Court notes that Kozohorsky was convicted of rape in 1988 and again in 1991, and then convicted of attempted rape in 2007. As a result of these Arkansas convictions, Kozohorsky was required to register as a sex offender. *Kozohorsky*, 2014 WL 4681315 at *2. On September 29, 2009, he was arrested on Missouri state charges of failing to register. He was subsequently released on bond.(App.(doc.16) at 1-2.) On March 2, 2010, Kozohorsky failed to appear for a hearing on the Missouri state case and the state court issued an arrest warrant. (*Id*. at 4); *Kozohorsky*, 2014 WL 4681315 at *2-3.

On September 30, 2010, U.S. marshals and local law enforcement officials arrested Kozohorsky in Marked Tree, Arkansas, on two outstanding warrants. *Kozohorsky*, 2014 WL 4681315 at *3. The warrants were for violating conditions of his Arkansas state probation, and for failing to appear in his Missouri state failure-to-register case. *Id.* He was not indicted in the United States District Court for the Eastern District of Missouri until January

-2-

27, 2011.(App.(doc. 16) at 6.) Additionally, the U.S. Marshals Service did not assume custody until March 8, 2011, pursuant to a federal writ of habeas corpus *ad prosequendum*. (*Id*. at 7-8.)

On November 1, 2010, Kozohorsky's Arkansas state court revoked his probation for his 2007 Arkansas attempted-rape conviction and imposed a 36-month term of imprisonment, with credit for 45 days spent in jail before sentencing.[1] (App. (doc. 16) at 13.) Additionally, on January 11, 2011, Kozohorsky was sentenced to a three-year term of imprisonment on his Missouri failure-to-register charge. (*Id*. at 5.)

While Kozohorsky was serving these state sentences, the U. S. Marshals Service assumed temporary secondary custody from Missouri authorities pursuant to the above-referenced writ of habeas corpus *ad prosequendum* on March 8, 2011. The Marshals Service returned Kozohorsky to the custody of the Missouri Department of Corrections on April 19, 2011. (*Id*. at 10 "Returned WHCAP to MODOC ERDCC".) On July 14, 2011, the Missouri Department of Corrections paroled Kozohorsky to a detainer lodged by the U.S. Marshals Service. (*Id*. at 9.)

On April 23, 2012, Kozohorsky was sentenced to the 120-month federal term of imprisonment he is currently serving. (*Id*. at 16-

---

[1] The Respondent informs that Kozohorsky spent only 32 days in custody from his arrest on September 30, 2010 to October 31, 2010, and that the additional 13 days of credit is attributable to time Petitioner spent in custody after his arrest on the underlying attempted rape charge on January 7, 2006. (Resp. (Doc. 15) at 2.)

17.) On May 31, 2012, the U.S. Marshals Service relinquished custody to the Arkansas Department of Corrections pursuant to a detainer lodged by the Poinsett County Sheriff's Office.(Id. at 10 "Returned to AR DOC.")

To apply 45 days of presentence custody credit ordered by Kozohorsky's Arkansas sentencing court, the Arkansas Department of Corrections computed his state probation revocation term of imprisonment as commencing on September 17, 2010, rather than when it was imposed on November 1, 2010. (App. (doc. 16) at 23-24.) This computation resulted in a discharge date of September 16, 2013.(*Id.* at 24.) The Arkansas Department of Corrections released Kozohorsky to the U.S. Marshals Service on that date. *Id*. The U.S. Marshals Service subsequently transferred him to Bureau of Prisons ("BOP") custody to serve his federal term of imprisonment.

The BOP, not having the benefit of Arkansas Department of Corrections records when it originally calculated Kozohorsky's federal sentence, initially computed that 120-month sentence to commence when it was imposed on April 23, 2012, with credit for 284 days of pre-sentence custody from July 14, 2011 (*i.e.*, the day after Kozohorsky released from his Missouri sentence) to April 22, 2012. This resulted in a projected release date of March 29, 2020. After receiving the Arkansas Department of Corrections records and discovering Kozohorsky had received credit toward his Arkansas sentence for all the time he spent in custody until September 16,

-4-

2013, however, the BOP amended Kozohorsky's federal sentence computation to comply with applicable federal law. The amended computation reflects a 120-month term of imprisonment, running consecutively to Kozohorsky's Arkansas and Missouri sentences and commencing when he released from the Arkansas term on September 16, 2013, with no credit for prior custody.(App.(doc.16) at 26-27.) According to the BOP website, Kozohorsky's current federal sentence computation results in a projected release date of March 24, 2022. See www.bop.gov James D. Kozohorsky register number 38456-044, last visited March 17, 2020.

**II.   CLAIMS FOR RELIEF**

In this § 2241 petition, Kozohorsky alleges that the BOP initially applied but has subsequently withdrawn credit against his federal term of imprisonment for 27 months he spent in Arkansas custody. He claims he was "for all intents and purposes in federal custody and controll [sic]" during this period because the United States Marshals Service arrested him first, subsequently turned him over to the State of Arkansas for revocation of a suspended state sentence, and resumed custody after state sentencing. (Am. Pet.(doc. 9) at 5.) He additionally alleges he is entitled to the credit because "the screener" who prepared his Presentence Investigation Report assured him and his attorney he would receive the credit. (*Id*, at 6.)

-5-

**III. ANALYSIS**

    A.   <u>Law Applicable to Kozohorsky's Sentence Computation</u>

Two federal statutes control Kozohorsky's sentence calculation. First, 18 U.S.C. § 3584(a), provides, in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

A federal sentencing court has the discretion to order that a federal sentence run either concurrently with or consecutively to a state sentence. *Setser v. United States*, 566 U.S. 231, 236-37 (2012). Under § 3584(a), however, a consecutive sentence is statutorily presumed unless the federal sentencing court specifically orders a concurrent sentence. *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) (citing *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003)). In the instant case, there is no indication Kozohorsky's federal sentencing court ordered his federal term of imprisonment to run concurrently with his Missouri and Arkansas state sentences. Rather, the judgment includes no reference to state terms of imprisonment. (App. (doc. 16) at 16-17.) Therefore,

by statutory default, Kozohorsky's federal term is consecutive to his state sentences. Consequently, his federal term could not have lawfully commenced before his release from his Arkansas term on September 16, 2013. The BOP's amended computation of Kozohorsky's federal sentence correctly reflects this commencement date.

Second, 18 U.S.C. § 3585 controls when a sentence commences. Section 3585 provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. –A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Thus, § 3585(b) precludes credit against Kozohorsky's consecutive federal sentence for any time he spent in custody before the sentence commenced on September 16, 2013. Kozohorsky's 2009 Missouri arrest and conviction were based on his failure to register in that state in 2009, while his federal conviction was based on his failure to register in Arkansas in 2010. *Kozohorsky*,

-7-

708 F.3d at 1031("Kozohorsky's Missouri conviction was based on his failure to register in that state in 2009, but he was prosecuted and convicted in federal court based on his failure to register in Arkansas in 2010."). Thus, none of the time Kozohorsky spent in Missouri custody before his release on bond in 2009 was either a result of the offense for which his federal sentence was imposed or a result of a charge for which he was arrested after committing the offense for which his federal sentence was imposed. As such, Kozohorsky is not entitled to credit against his federal term of imprisonment for this period.

As to the time Kozohorsky spent in custody from his September 30, 2010 arrest to his release from his Arkansas state sentence on September 16, 2013, the record reflects he received credit against his Arkansas state sentence for this entire period. Therefore, the plain language of § 3585(b) precludes credit against Kozohorsky's federal term of imprisonment for this period. The BOP's amended computation of Kozohorsky's federal sentence correctly reflects this exclusion.

  B. <u>Claim of Reliance on BOP Error</u>

Kozohorsky contends that he has a right to the sentence credit because the BOP previously applied it to his federal sentence calculation. The BOP is charged with computing terms of imprisonment in compliance with the applicable statutes. The BOP should not be precluded from amending a sentence computation to

ensure statutory compliance in an instance, such as this, when the BOP discovers information revealing that it erroneously commenced a sentence on a date or applied credit for a period inconsistent with statutory compliance.

Likewise, Kozohorsky's claim that a "screener" who prepared his Presentence Investigation Report assured him and his attorney that he would receive the credit at issue, is misplaced. "The attorney general, through the [BOP], determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003)(citing *United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992) and 18 U.S.C. § 3585(b)). A United States probation officer is not a BOP employee and does not make decisions regarding either the commencement of a federal sentence or credit to be applied to the sentence for time spent in custody before the sentence commenced.

Upon discovering that it had mistakenly computed Kozohorsky's federal sentence on a date earlier than was consistent with 18 U.S.C. §§ 3584(a) & 3585(a), the BOP appropriately amended its computation of the sentence to reflect a consecutive federal sentence with a commencement date of September 16, 2013 (the date Kozohorsky was released from his Arkansas state sentence). Similarly, upon discovering that Arkansas authorities had credited to Kozohorsky's state sentence with all of the time he spent in

-9-

custody from his arrest on September 30, 2010, to his release from state custody on September 16, 2013, the BOP appropriately amended its computation. This resulted in the BOP's removing credit it previously and erroneously applied to Kozohorsky to bring the computation into compliance with 18 U.S.C. § 3585(b). The BOP's amended computation is neither unlawful nor does it deprive Kozohorsky of any claimed right.

**IV.  CONCLUSION AND ORDER**

For all of the foregoing reasons, petitioner James Daniel Kozohorsky's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED.**

SIGNED May 12, 2020.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE